**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES A. OSBURN, its duly elected
Business Representative/Executive
Director; ELIZABETH S. ALVAREZ,

      Plaintiffs-Appellants,

  v.

INTERNATIONAL ALLIANCE OF
THEATRICAL STAGE EMPLOYEES;
MOVING PICTURE MACHINE
OPERATORS OF THE UNITED
STATES AND CANADA, AFL, CIO,
CLC; MATTHEW LOEB, its International
President; MICHAEL F. MILLER,

      Defendants-Appellees.

No. 17-55022

D.C. No. 2:14-cv-01310-MWF-CW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted August 8, 2018
Pasadena, California

---

     * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: CLIFTON and CALLAHAN, Circuit Judges, and HOYT,[**] District Judge.

James Osburn and Elizabeth Alvarez appeal the district court's grant of summary judgment in favor of Matthew Loeb, Michael Miller, and the International Alliance of Theatrical Stage Employees (IATSE). We review a district court's grant of summary judgment de novo. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court did not err in granting summary judgment on the free speech and assembly claims brought under § 101(a)(2) of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA). There are three actions at issue here: 1) Osburn and Alvarez were removed by IATSE from their positions as elected officers of Local 695; 2) Osburn was suspended from membership with the union for one year; and 3) Alvarez was terminated from her appointed position as an employee with Local 695.

We first address the removal of Osburn and Alvarez from their positions as elected officers. IATSE argues that its constitution required the removal of all 16 elected officers upon the imposition of the trusteeship. If all 16 officers were

---

[**]     The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

indeed removed because of the imposition of the trusteeship, then Osburn and Alvarez cannot establish that they were targeted for removal for exercising their speech or assembly rights.[1]

A union's interpretation of its own constitution is entitled to deference. *Local 1052 of United Bhd. of Carpenters & Joiners of Am. v. Los Angeles Cty. Dist. Council of Carpenters*, 944 F.2d 610, 613 (9th Cir. 1991). "Absent bad faith or special circumstances, an interpretation of a union constitution by union officials, as well as interpretations of the union's rules and regulations, should not be disturbed by the court." *Id.* (internal quotation marks and alterations omitted). IATSE's interpretation of its constitution is reasonable, and Appellants have not cited any persuasive evidence of bad faith or special circumstances in the record. Appellants argue that all 16 officers were not, in fact, removed, but they cite no clear evidence to contradict the records of removal cited by IATSE. Accordingly, the district court did not err in granting summary judgment as to the removal.

We next turn to the suspension of Osburn's membership. IATSE cited evidence in the record that Osburn advised members not to pay work assessments in other jurisdictions. Osburn has not provided any express evidence to the

---

[1] The LMRDA provides a different avenue for challenging an improper imposition of a trusteeship. *See* 29 U.S.C. § 464. Osburn and Alvarez do not challenge the imposition of the trusteeship on appeal.

contrary. At oral argument, he contended that he wanted members to obtain invoices before paying assessments, but he cited no evidence contradicting the evidence submitted by IATSE that he told members not to pay. Accordingly, IATSE had a non-discriminatory reason for suspending Osburn.

Finally, we turn to the termination of Alvarez from her position as an employee. The leader of a local union has the power to appoint his own supporters to his staff, and such appointments do not violate the speech or assembly rights guaranteed by the LMRDA. *See Finnegan v. Leu*, 456 U.S. 431, 441 (1982). The trustee became the leader of Local 695 upon the imposition of the trusteeship, and did not violate the LMRDA by terminating Alvarez and replacing her with a staff member of his choice.

We pause to note that at oral argument, IATSE suggested that we must defer to the factual findings of the union's disciplinary tribunal. We disagree. If IATSE's position were correct, then IATSE could always defeat summary judgment by resolving factual findings in its own favor before a case ever reaches federal court. In support of its position, IATSE cited our opinion in *Local 1052* and the Supreme Court's opinion in *International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers & Helpers, AFL-CIO v. Hardeman*, 401 U.S. 233 (1971). Neither case supports IATSE's position. In *Local 1052*, we noted that we defer to a

union's interpretation of its own constitution, as well as its rules and regulations, absent bad faith or special circumstances. *Local 1052*, 944 F.2d at 613. The case had nothing to do with fact-finding in a disciplinary action, and we never suggested that we must accept a disciplinary tribunal's fact-finding as true.

In *Hardeman*, the Supreme Court dealt with the procedural requirements for disciplinary proceedings guaranteed by § 101(a)(5). The Court held that we must affirm the imposition of discipline if the charging party provides "some evidence at the disciplinary hearing to support the charges made." *Hardeman*, 401 U.S. at 246. The Court also held that federal courts cannot determine the scope of offenses warranting discipline. *Id.* at 244–46. But the Court never said that we must accept the union's fact-finding as true. Accordingly, we engage in an independent review of the record and determine whether disputed facts exist that bar summary judgment. We find no such disputed facts.

2. The district court did not err in granting summary judgment on the claims brought under LMRDA § 609. A § 609 claim can only be brought to redress retaliatory actions affecting a union member's membership rights, not a member's rights as an employee or officer. *See Finnegan*, 456 U.S. at 437; *United Steel Workers Local 12-369 v. United Steel Workers Int'l*, 728 F.3d 1107, 1117 (9th Cir. 2013). Accordingly, the only relevant action here is Osburn's suspension from the

5

membership. But as explained above, IATSE had a non-discriminatory reason for suspending Osburn.

3.  The district court did not err in granting summary judgment on the due process claim brought under LMRDA § 101(a)(5). Section 101(a)(5) requires certain procedural safeguards when a union member is to be fined, suspended, or expelled. Osburn received written notice of his hearing, and he was given ample time to prepare. The notice specified the basis of the charges against him. He was present at his hearing, and he presented witnesses and evidence. There was sufficient evidence to support the imposition of discipline. *See Hardeman*, 401 U.S. at 246 (The charging party must provide "some evidence at the disciplinary hearing to support the charges made.").

4.  The district court did not err in granting summary judgment on the claim for breach of the IATSE constitution. Appellants argue that IATSE violated the procedural provisions of its constitution in three separate actions: 1) The hearing placing Local 695 into a trusteeship and suspending the Local's officers; 2) The hearing suspending Osburn from membership for one year; and 3) The hearing issuing a $12,500 fine against a member named Josh Levy. As noted above, a union's interpretation of its own constitution is entitled to deference, and

6

Appellants have not cited any persuasive evidence of bad faith or special circumstances. *See Local 1052*, 944 F.2d at 613.

We first turn to the hearing placing Local 695 into a trusteeship and suspending the Local's officers. In Article 7, Section 5, the IATSE constitution expressly grants the IATSE president original jurisdiction when charges are brought against a local union. IATSE did not violate any express provision of Article 7, Section 5.

We next turn to the hearing on Osburn's membership suspension. Per Article 16 of the IATSE constitution, charges against members and officers are generally heard by local unions under the IATSE constitution. Osburn argues that IATSE failed to abide by Article 16. But Osburn's hearing was not held pursuant to Article 16. In Article 7, Section 5, the constitution confers jurisdiction upon the IATSE president to try charges against individual members, provided that certain conditions are met. Here, the IATSE president had original jurisdiction pursuant to Section 5(b), which confers jurisdiction when charges are filed a against a member of a suspended union, and Sections 5(e), which confers jurisdiction when charges are filed against an officer for failure to comply with a lawful order of the president. IATSE did not violate any express provision of Section 5.

Finally, we turn to the hearing issuing a $12,500 fine against a member named Josh Levy. Mr. Levy is not a party to this case, and the district court did not decide a claim as to Levy. Accordingly, any violation as to Levy is not before us.

5. The district court did not err in determining that Loeb is not personally liable to the plaintiffs. The claims at issue here are against both Loeb and IATSE, but all the alleged conduct is the same. Given that summary judgment is appropriate in IATSE's favor, judgment is also appropriate in Loeb's favor.

6. We need not address Appellants' argument regarding the standard of proof required for a retaliatory removal claim under the LMRDA. Before the district court, IATSE argued for a clear and convincing standard, but the district court rejected the argument. On appeal, IATSE has expressly waived that argument. Accordingly, the issue is not before us.

**AFFIRMED.**